## Case No. 2,367.

### CAMPBELL v. RECEIVERS.

[4 Hughes, 170.]

Circuit Court, E. D. Virginia. 1882.

RAILROADS—KILLING STOCK—PRESUMPTION OF NEGLIGENCE.

[A horse placed at night in a pasture adjoining a railroad track was found next morning by the side of the track, evidently having been killed by a passing train. The bars of the pasture were down, and it was apparent from the horse tracks that the animal had run about one hundred yards before being struck. *Held* that, the horse being a trespasser, the court would presume, in the absence of evidence to the contrary, that the train had been operated with ordinary care and diligence, and that consequently the case was one of damnum absque injuria.]

[At law. Action by Jacob Campbell against the receivers of the Atlantic, Mississippi & Ohio Railroad Company for damages for stock killed.]

HUGHES, District Judge. The petitioner claims $100 damages for the loss of a gray mare alleged to have been killed near his residence, three and a half miles west of Abingdon on the railroad in charge of the defendants, by the westward bound passenger train, at about four o'clock on the morning of the 4th of July, 1877. The evidence consists of depositions taken on behalf of the petitioner, which show that the gray mare of the petitioner was found lying maimed and killed on the side of the railroad track, near petitioner's residence, on that morning; that tracks of the mare appeared on the track of the railroad, indicating that she had run before the train about a hundred yards before she was overtaken by it; that on the evening before she had been put into a pasture, enclosed from the railroad by a fence, in which there was a draw-bar opening upon the railroad; that the owner had put up these bars on the night before; that the bars were found, next morning, let down; and that the mare was worth $100.

The inference from the evidence is that some one had let down the bars in the night; that the mare had come out of the pasture upon the track; and that, being on the track, and after running before the train some distance, the mare was caught by the train and fatally injured. If so, it is plain that the mare was on the track in the character of a trespasser; and that she herself, by being wrongfully there, caused the accident which occurred and which is complained of. As the defendants had a legal right to run their own trains on their own road, and as the petitioner's mare was un-

lawfully on their road, in the character of a trespasser, no liability is upon the defendants for any accident which happened, unless they failed to exercise ordinary care and diligence in running their train to avoid accident. In general the law, in such a case as this, will presume as against a trespasser the exercise of ordinary care and diligence in the employes of the defendants. If the petitioner had shown any fact strong enough to raise an inference of negligence on the part of these railroad employes, the burden of proof would be shifted, and the defendants put to proof of ordinary care and diligence. But no such fact is shown here, and the court must presume, in the absence of any proof to the contrary, that the employes of the railroad used ordinary care and diligence in running their train on the morning referred to.

Thus presuming, the case is one of damnum absque injuria, and there can be no recovery. The petition must be dismissed, but without costs, and I will so order.